Good morning. We have four appeals to hear this morning. Counsel, we're familiar with your cases. We've read your briefs, the authorities cited in your briefs, and at least portions of the record. So you have limited time this morning. Feel free to get straight to the floor of your argument in the event that you don't get to something though that is addressed in your brief, you're not going to waive anything. Please do not treat the red light as aspirational. When the red light shines, it is time to stop. If you're answering questions from the court, of course, feel free to finish your answer. You don't have to ask me, but you can feel free to do so. If I think you've answered it, I might wind it up, but you won't lose any rebuttal time. Our first case this morning is United States v. Hayden. Mr. Cavender. May it please the court. I'm Matt Cavender representing Willie Hayden. The district court acted by imposing discretionary supervision conditions in the written judgment that it did not pronounce in Mr. Hayden's sentencing. Adding those conditions for the first time in the judgment, denied him notice and an opportunity to be heard. Due process requires the court to pronounce discretionary conditions at sentencing. Under Rodriguez, the court would do so either by reading each condition aloud or by incorporating a written list. Now it referenced the standard conditions, right? Orally. Your Honor, the district court said that it was imposing the standard conditions adopted by the court in the middle district, but the problem here is that the middle district has not, in fact, adopted any conditions. So the district court... Well, there are standard conditions on their form on their website, are there not? Your Honor, there is a form judgment on the court's website that links to the general judgment form on the federal U.S. court's website. There's not a judgment form specific to the middle district. So by saying that it was imposed... But the conditions adopted were the same ones that are on that form, right? Verbally, word for word, yes, Your Honor. Yeah, verbatim, really, right? Yeah, I think one used must and one used shall, but substantially the same. Yeah. Isn't there also something on the probation website? Your Honor, probation did have something on their website. I'm candidly going to call on this case if that link was active at the time of Mr. Hayden's sentencing. I know we've had some cases where it was defective at the time, but in any event, I don't believe that a form judgment being listed on probation's website would be sufficient to give a defendant notice. What would be sufficient here? Your Honor, the district court could have imposed the judgments, of course, by reading them out, which we realize is not practical. The other route is by incorporating an existing list. So it could be a standing order if the middle district had a standing order in place. But could it have been those that are posted on our website or those that are posted on the probation website? If it had said that, would that have been sufficient? That would have been sufficient, Your Honor, as long as it references a written list that's out there that the defendant can look to to see what conditions are in place. And who represented him before the district court? Our office did, Your Honor. And your office is well familiar with what's on those forms and on the probation website? Yes, Your Honor. So his attorney knew all about it? Your Honor, I'm sure the attorney knew that some conditions would be imposed, but I think it's important that... No, no. I mean, the attorney was aware of what was in the form and the reference and also what's on the probation website. Yes. That sells bread and butter. I mean, come on. Sentencing is most of the game. So if his attorney was well aware of it, then he had notice through his attorney, did he not? Well, I think, Your Honor, it's important to not just rely on what the attorney knows. I think it's important that the court inform the defendant specifically because there are certain conditions. For example, the felon communication condition. One of... Yeah, but that doesn't answer my question. Generally in the law, if notice is given to the attorney, notice is presumed to have been given or, as a matter of law, is given to the client. And here, the attorney knew. Yes, Your Honor. Day in and day out, did this sort of thing and knew. Yes, Your Honor, but as Roderick has explained, the conditions have to be pronounced at sentencing. It's not enough to simply... Okay, so what about the fact that the district court elicited objections to the manner in which it had pronounced the sentence? So, if the district court said the standard conditions, and these standard conditions match virtually verbatim, those that would be referenced on the court website and the judgment form, the attorney and his client, who's there with his attorney, if they don't know what the standard conditions are, then they could say, well, you said standard conditions. I don't know what those are, right? How is that not, at the very least, sufficient? Your Honor, counsel could have requested clarification, but I don't believe that waives the argument. Well, you're saying it's a pronouncement problem, and the district court elicited objections to pronouncement, where it specifically referenced the standard conditions. At what point would it be something that would be a proper objection? Your Honor, I think it's important to consider when the Rodriguez error occurs. The Rodriguez error doesn't occur at sentencing. The Rodriguez error occurs when a written judgment comes down. Yeah, but the difference is Rodriguez was a case where there was no reference to conditions. The only thing the district court orally pronounced was that it was placing the defendant on supervised release with no reference to conditions. That's not what happened here. Here, the district court orally pronounced that the defendant, while on supervised release, would be subject to standard conditions and then asked, elicited objections to that oral pronouncement so that if there was any doubt on the part of counsel or a client about what that meant, now was the time to say something about it, right? As I mentioned, I believe he could have asked for clarification at the time, but I don't think that waives the argument. But even if we are on plain error, Your Honor, I believe we still satisfy the four prongs. First, as to an error that's plain, Rodriguez says that a district court has to either incorporate or read aloud, and that by incorporating a nonexistent list, the district court did not meet that requirement. I don't believe it's sufficient to simply say imposing the standard conditions because it's not clear what those conditions are. As to the effect on substantial rights, Mr. Hayden would have objected to two... I don't know when it's going to become clear unless the district court spells them out orally under your argument. So here we have the district court orally pronouncing that you'll be subject to the standard conditions and elicits objections to the oral pronouncement. You say, well, that doesn't waive the objection. I didn't say it waived it, but you framed this as an argument about due process, so notice and an opportunity to be heard. You were given notice that there were standard conditions your client would be subject to, you or whoever the trial counsel was, and given an opportunity to be heard about it. Short of stating specifically what they all are, I guess the only other thing you've said is, well, the district court has to adopt standard conditions and have a formal order about it that somehow makes a difference. I don't see how that makes a difference in the open hearing with the oral pronouncement. That's one way that conditions can be pronounced, Your Honor, by incorporating a standing order. A district court can also incorporate conditions listed in the PSR. The court can explicitly reference the guidelines in that, and I can just inform the court that... I guess what the Chief Judge is asking, and I have the same question, which is if there was any lack of clarity, and let's assume for the moment there's some lack of clarity, and if this is a due process argument, which I agree with the Chief Judge that it is, why then is the Jones solicitation at the end that goes directly to this point, is there anything about the pronouncement that's unclear here or that you were objecting to, where you have counsel, as you stated, who is familiar with the practice there and is known, if there was any ambiguity that you were concerned about, why not raise that objection at that point? Why does that not solve the opportunity to object part of the due process concern? I think, Your Honor, because as I mentioned in one of my prior answers to the Chief Judge, the Rodriguez error doesn't occur until entry of the written judgment. So I don't believe that there's a requirement to object until an error actually occurs. Well, I put Rodriguez aside for the moment. You raised the due process argument. Your argument is I did not have notice of these conditions, and I didn't have the opportunity to object to them. You had noticed that standard conditions were imposed, and you had an opportunity to clarify those, especially given that you being counsel for regular counsel who appears before... Can I continue my question? Regular counsel who appears before this particular court in this district knows those conditions. So I guess the question is, why does that not solve, put Rodriguez aside for a moment, the due process problems? I think, Your Honor, by incorporating a non-existent list, the court didn't impose anything. And so I think at that point, there's nothing to object to. Nothing has been imposed. Counsel, let me ask you this. I understand the need for an opportunity to object. Obviously, that's what propelled the case here. And you say that the error didn't occur, of course, until the written judgment. He didn't have an opportunity to object then. But Rule 35A says, correcting clear error, which you say this was clear or plain error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical and technical or other clear error. So you had 14 days after the written sentence to object. It didn't do it. That's correct, Your Honor. It did not. So then you had notice, had an opportunity to object. No case. I don't think so, Your Honor. I don't think that he's required to file a 35A motion in order to . . . Nobody's required to do much of anything. But the question is, could he have done it? Would that have given the district court an opportunity to correct its error? And 35A says yes. Yes, Your Honor. The problem for you is, with that question, is that this isn't really a clerical error or that kind of error, is it? I mean, your argument is that this was a due process error, but there was a clear reference to standard conditions and the district court elicited an opportunity to object to the oral pronouncement if counsel and client didn't understand it. And that's really, the argument is really about due process, isn't it? Yes, Your Honor, it is. But the plain text of 35A headed correct and clear error and technical or other clear error. So if you get there on the plain error approach, then it looks to me like you've got a cul-de-sac with 35A. I don't think that 35A is meant to resolve an issue like a Rodriguez problem where the written judgment differs from the oral pronouncement of the sentence, Your Honor. So this is not an other clear error? I don't believe it is, Your Honor. Okay, you've saved five minutes for rebuttal. Let's hear from Ms. Kapusta. Thank you, Your Honor. May it please the Court, Julia Kapusta for the United States. The district court's oral pronouncement here satisfied due process because it gave Hayden notice that it was adopting conditions of supervised release beyond those mandated by statute and an opportunity to inquire about and challenge them. That is all that Rodriguez requires. Adopted, I think, is the word that I'm having the hardest time with. I think if the Court had used some other word to suggest the reference to the list, then it would be less of a close call. But adopted seems to imply that there has been some formal action taken by the Court to incorporate some sort of standard conditions. Yes, Your Honor, I agree that the use of the adopted was confusing. The Court could have simply said and should have simply said mandatory and standard conditions. You agree nothing's been adopted? Nothing has been adopted formally, no. These have been adopted in the sense that the Court, the district has embraced these conditions. They routinely impose them. Then why is that not a nullity? In other words, if what was referenced, because I read Rodriguez to say there's two ways to do this. One is you just read them in the record and the other is you can reference some sort of established list. If neither of those things happened, then why is this not just Rodriguez? Which is, the Court said something, but the something isn't real and doesn't fit within any of the things that would put a defendant on notice, and so nothing happened. Yes, Your Honor. Rodriguez doesn't say that the only acceptable form of a written list is a standing order. And here, by referencing the mandatory and standard conditions. I agree completely. It could be anything. It could literally be there's a list posted on my front door. That's the list. I agree with you. To the extent anyone argues that it has to be X, Y, or Z, they're wrong. But the problem is you don't even have X, Y, and Z. The Court's intent, as clarified by the judgment, was to reference the standard conditions set forth in Guideline Section 5B1.3C. That guideline section is actually titled Standard Conditions. That may be the intent, but that's not what the Court said. The Court didn't say, I adopt those conditions that are laid out in the sentencing guidelines, which probably would be enough, even if the District Court didn't reference the specific guideline. Or there's a standard form on the website that has the standard conditions. I adopt that. The Court, by saying it adopted and then said something afterwards, but we all acknowledge that nothing has been adopted, I don't understand what the Court did. I agree, Your Honor. I think, again, the use of the term adopted did confuse the issue. I agree. It did not formally, the District has not formally, in a formal resolution or otherwise, announced to practitioners that these are the standard conditions that apply in every case. Again, it used the word adopted more in the sense that it embraced these conditions. But by announcing that it was imposing conditions of supervised release, the standard conditions that are not required by statute, it afforded Hayden the opportunity to inquire about them. Rodriguez does not... Yeah, but Rodriguez requires more than that. You're right that Rodriguez says that, and I think you even quote that exact line in the brief. But then it says more than that. In other words, it's not just, hey, I'm doing something other than mandatory. You have to actually say what you're doing. And it's that part of Rodriguez that I think they're arguing is the problem. And that is, yes, you told us there's something more. No doubt about that. But you didn't tell us what that more was. And because you didn't tell us that, you essentially, I adopt Hammurabi's Code. And that assumes that Hammurabi's Code is known and is articulable and actually made it there. Or I adopt and then said gobbledygook. I mean, that's essentially what we have here, is it not? I mean, I agree. Rodriguez doesn't assume that every defense counsel or every defendant is going to be familiar, even in districts that have standing orders of these conditions. It's the mere reference to those conditions that affords a defendant that is unfamiliar the opportunity to ask about them. So when Hayden heard the court impose standard conditions, he knew at that time that the court was imposing conditions of supervised release beyond the mandatory conditions. But it wasn't just the imposition of standard conditions. It was those standard conditions that have been adopted by the Middle District of Florida. And it's that part, I think, that's causing the issue here, which is nothing's been adopted. And so it's as if the court did say gobbledygook. It's as if the court just referenced rainbows and skittles and sunshine. I mean, it's ephemeral. It doesn't exist. I think that when you look at this argument that there's some type of conflict, at most it could have been ambiguous. This was vague. It was not clear. But when we have an ambiguous or vague oral pronouncement, you look to the written judgment to clarify the court's intent. And what the court's intent shows in the written judgment is that it was intending to adopt the guideline standard conditions that are listed in Section 5D1.3C and that section is titled standard conditions. And the fact is there is no other written list that the court could have been referring to because there is no standing order. Would this case be different then if there were sort of 13 conditions that weren't in the guidelines or weren't on the website or weren't on probation? Yes, Your Honor. I do think so. It's because the court wants to make sure that by referencing a written list, the court is adopting an identifiable list of conditions, that it's not just deferring the decision of which conditions to impose into the entry of the written judgment. I worry, though, that by the rule that you're adopting, in other words, it makes sense given what ended up happening. But if something else happened, if, in other words, it was 13 something else, none of which was anything that we know, this Court still would have said standard conditions that have been adopted here and the judgment would have listed what it believed to be standard conditions and you'd still have the same quote-unquote ambiguity you've just identified. But it would be from nothing that we would be able to discern where it came from. Well, I think that's why what happened here is okay because we have both the notification that it was adopting standard conditions and in the entry of the written judgment, those conditions are pulled from a written list. They're pulled from Guidelines Section 51.3c. So if there's any question of whether the court was simply, again, deferring. And from the judgment form available on the court website. Yes, Your Honor, it's also available there. By ensuring that it was actually adopting conditions that are pulled from a written list, it ensured that the court was actually pronouncing an identifiable set of conditions at the time that it pronounced sentence rather than just arbitrarily deciding on conditions upon entry of the judgment. Here, again, Rodriguez, the mere existence of a written list wasn't enough. Here we have the existence of a written list plus the notification to counsel that it was adopting conditions beyond those mandated by statute. This question isn't necessarily relevant to our conversation, but it's more just for my own edification. Please tell me that something different is happening now in the courts in the middle district of Florida. Yes, Your Honor. We've spoken to the Chief Judge about it. The courts, when they impose the standard conditions now, they reference Guidelines Section 51.3c. I know both district judges in this case now explicitly refer to the Guidelines and the Guidelines section itself. I can't say with absolute certainty that every single district judge now has started doing that, but the vast majority of the sentences that I've handled recently and I've inquired others, we've seen the district judges now explicitly refer to Section 51.3c. Can you say with absolute certainty that all of your personnel, AUSAs, have been instructed that if the judge doesn't do that to get on their feet and tell the judge there's a problem and point it out to him and get it fixed? I know that we have told the Criminal Division, communicated it, that this is an issue that we're regularly seeing and that we need to ensure that there's more clarity when the courts impose it. I know that that communication has been made to the Criminal Division. This is clearly a script that the judges are reading. We've seen it from one particular district judge that has done it in every sentence. I think there might be a couple others that have the same script, but that seems to be what's causing the issue here is there's a script that they're reading from, which I get. I use scripts myself, but if the script is wrong, you just have to be able to change it to reflect what current law is. Yes, Your Honor. Now the script, again, we've communicated with the Chief Judge and as I've seen in both these district judges here and from the vast majority, they now say Section 51.3c is where you can find the standard conditions. I just want to make a point that this court as this panel has noted, he had the opportunity to object when the court elicited objections to the manner in which this sentence was imposed. So this court should review. I disagree that this is the Rodriguez type error of that. Can you address the point Judge Carnes brought up about Rule 35a? So let's assume for the moment I disagree with you. I think that it was an nullity or it wasn't clear enough and the Jones objection isn't enough because what was said in court wasn't enough, but by the time the written judgment came out, it's very clear what the standard conditions are. Does Rule 35a provide the opportunity to object? I'm not sure. Again, I'm not sure that we usually think of these types of errors as clerical errors. The rule doesn't say correcting clerical errors. It says correct a sentence that resulted from arithmetical, technical, or other clear error. Let me ask you this. What's the procedural vehicle then? You get into oral sentencing and the judge says, I'm going to impose all the conditions except 11. I hate 11. It's counterproductive. They'll have to force me at gunpoint to impose 11. Out comes a written sentence and it imposes 11. Now what's the procedural vehicle for the defendant getting relief from that? Well, we often see those types of claims on direct appeal. They usually simply argue that it's a conflict between the oral pronouncement and the written judgment and this court remands with instructions to strike that condition from the judge. Yeah, we have tons of cases that do that. My hypothetical was a bad one. Shame on me because it was so clear, the error, but sometimes it's not clear and that may be what we're drifting towards here. Well, I guess what Judge Carnes is asking is not what normally happens. And you're right, we do see a lot of those where there is a discrepancy between the oral pronouncement and the judgment. But that is Rule 35A, a mechanism in which to correct the error that Judge Carnes has referenced. I think it's certainly worth trying if the defendant believes that this was an error. They would have had the opportunity to do it. But I don't think that Olympia and Auburn would appeal to show that this was a sufficient pronouncement. I've seen it used before and not in an appellate decision, but I've seen it used before where both sides agree there was a screw-up and rather than filing an appeal, they get the district court judge just to correct it at the point. Yes, sir. But I think the problem here is that we would not have agreed that this was an issue. Again, the pronouncement was vague, it was confusing, it was ambiguous, but ambiguous pronouncements can be clarified by the written judgment and the written judgment clarified the court's intent here by imposing the guideline standard conditions. And unless your honors have any more questions for me, I will ask you to affirm Hayden's conviction sentence. Thank you. Thank you, Ms. Kapusta. Mr. Cavender. Your honors, the government acknowledges that the pronouncement of the sentence was vague in this case. The problem is that with what the district court did, it could have imposed anything in the written judgment that Judge Locke would leave you with.   The word was gobbledygook. They could have imposed Hammurabi's code. But if that were the case, then the appellate issue would be different. But given that it was what everyone understood and expected it to be, doesn't that affect the analysis? I'm not sure that it does, your honor, because... Let me back up a little bit. It seems to be that vagueness or ambiguity does not help you. In other words, what the Rodriguez error is, nothing was zero. So in other words, there's no ambiguity or vagueness. There's just nothing was actually imposed. And then later on, lo and behold, there's these 13 magic conditions that came out of nowhere. Here, we know there is going to be the imposition of standard conditions. We know there's an expectation of what those are, even though there isn't a formal adoption. And then we know that, lo and behold, the expectation has in fact been met. That seems to be different than just 13 random assignments there, than the decalogue plus three. I mean, it's very different than that. So in this case, the district court did impose the 13 standard conditions in the guidelines. But just for reference, in Mr. Hayden's own case, he was also before the court on a supervised release violation. And in the underlying case, the district court... Frankly, I don't believe it's in the record, but I represented the court that I pulled the transcript from the underlying sentencing. And the district court made the same comment that it was imposing the mandatory and standard conditions adopted by the court in the middle district. And those conditions that were actually imposed are different than the conditions that were imposed in this case. Well, that's fine and well and may have been a subject that might have been a good argument on appeal in the underlying case. But it's not the one we have. The reason I mentioned about vagueness and ambiguity, it just seems that if there is a vagueness or ambiguity in the statement, as opposed to a nullity or a zero, I think your opposing counsel is right that any vagueness or ambiguity enters in favor of the written judgment, right? Isn't that what the law is? Your Honor, there is the rule that ambiguous pronouncement can be clarified by the written judgment. I think that undermines Rodriguez. But if you distinguish, if Rodriguez is distinguishable by stating that in Rodriguez nothing was said, in other words, there was zero reference to any standard conditions, so there's nothing, there's no ambiguity there. But here, because there's a reference to standard conditions, admittedly a vague or ambiguous one, that seems to take it outside of Rodriguez, right? Wouldn't that be a material distinguishing fact between Rodriguez and this case? I'm not sure that there's a meaningful difference. I acknowledge there is a distinction, but I'm not sure it's a meaningful one between the situation in Rodriguez where you have a standing order that says these conditions are imposed in every case unless the district court orders otherwise, and then the district court not expressly adopting that, versus this case where the district court adopted nothing. It said it was imposing standard conditions. But in Rodriguez, the district court didn't say that there were going to be any conditions at all. The first notice the defendant has that there would be any was when the written judgment came out. Nor was there, because there was no reference to it in the oral pronouncement, there was also no opportunity to object to it in that pronouncement. To the extent that this is about due process, and Rodriguez was about due process, and you've said this morning, this is about due process. These seem markedly different to me. Your Honor, it is about due process, and that's why there's this requirement that the conditions be adopted at sentencing. And now as the government acknowledged, now this problem has been effectively resolved. I know you practice in the courts too. Is that your understanding as well? Yes, sir. There are no reference to guidelines now, and so I can't promise that there's not going to be a one-off. It's generally been taken care of. Our office has maybe a dozen of these cases that are on appeal, and I'm not sure if CJA counsel might have a handful too. But this is not a major problem that's going to be overwhelming the courts, and it's now been resolved. We think in this case, his judgment should be evaluated and should be remanded for a full resentencing in accordance with the rule from the Fourth Circuit and Singletary. Okay. So I think we understand that case. Let's move to the next one, and Mr. Cavender, you're up again. So United States...